IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 NOV -1  AM 11: 06
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILLIAM JENNINGS, | X |
| Plaintiff, | X |
| vs. | X   No. 05-2342-B/V |
| STAR TRUCK & TRAILER SALES, INC., et al., | X |
| Defendants. | X |

ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff William Jennings filed a pro se complaint pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., on May 6, 2005 against Star Truck and Trailer Sales, Inc. ("Star"), Associates Commercial Corporation ("Associates"), CitiCapital Commercial Corporation ("CitiCapital"), Douglas C. Bailey, Robert Green, and Roger Stone. Plaintiff paid the civil filing fee on June 23, 2005. Because it appeared that the subject matter of the instant action was litigated in the Shelby County Circuit Court and was decided adversely to the plaintiff on the merits, Jennings v. Star Truck & Trailer Sales, et al., No. CT-000527-01, the Court issued an order on July 25, 2005 directing the plaintiff to show cause, within thirty (30) days, why the complaint should not be dismissed as barred by collateral estoppel and res judicata. Plaintiff filed a timely response to that order on August 25, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-2-05



It is not possible conclusively to determine, from the record before the Court, the precise nature of the state-court disposition. In particular, the plaintiff has submitted a certified copy of the state-court docket sheet indicating that the dismissal of his complaint was without prejudice. Under these circumstances, it does not appear to be appropriate to dismiss the complaint <u>sua sponte</u>. Nothing in this order is intended to preclude any defendant from filing any motion to dismiss or for summary judgment on the basis of the state-court judgment.

Within thirty (30) days of the date of entry of this order, the plaintiff shall personally appear at the Clerk's office and, upon presentation of a copy of this order, the Clerk shall provide plaintiff six (6) blank, unsigned summonses. Pursuant to Fed. R. Civ. P. 4(b), the plaintiff is responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to the plaintiff for service on the defendants. The plaintiff is responsible for ensuring that service is effected on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.[1] Service on the corporate defendants shall be made pursuant to Fed. R. Civ. P. 4(h). Service shall be made on the individual defendants, pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. In addition to the

---

[1] Plaintiff also must comply with Rule 4(c)(2), which requires, in part: "Service may be effected by any person who is not a party and who is at least 18 years of age."

2

summons and complaint, and all exhibits to the complaint, service on the defendants shall include copies of the order to show cause, the plaintiff's response to that order, and this order. The plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(*l*).

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

The plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

IT IS SO ORDERED this 31st day of October, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02342 was distributed by fax, mail, or direct printing on November 2, 2005 to the parties listed.

---

William Jennings
4378 Windward St.
Memphis, TN 38109

Honorable J. Breen
US DISTRICT COURT