IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

William Jennings
   Plaintiff

VS.

Star Truck and Trailer Sales Inc.
Associate Commercial Corporation
Citicapital Commercial Corporation
Douglas C. Bailey, Robert Green,
Roger Stone.    Defendants.

CASE NO. 05-2342-B-V

Demand for Jury Trial
Rule 38 Fed. R. Civ. P.

## Amended Complaint

"May it please the court"

Comes now plaintiff William Jennings acting pro-se through himself of record, pursuant to Rules 15(a) and 18(a) respectfully file this amended complaint adding claims.

Amend and change paragraph #15 to read as follows:

15). On May 2, 2000. Plaintiff sign a Associate Security Agreement and defendant Bailey the ower of Star Truck assisted plaintiff in the completion of an application for financing this, purchase. After Bailey took the credit information from plaintiff he (Bailey) contacted Associates in Jackson Mississippi. Bailey told plaintiff he was turned down, by Associates in Jackson, Mississippi.

(1)

Amend And Change paragraph # 57 To read As Follows:

57). plaintiff submits AFTER defendants STAR And defendant Bailey had Already SENT The security Agreement That plaintiff had sign ON May 18th, 2000. To defendant Associates ON May 18th. 2000. plaintiff learned And discovered during And AFTER The TRAIL That defendants STAR And Bailey conspired Together To commit securities Fraud, when They ALTERED And FALSIFIED The "Void" security Agreement, That plaintiff had sign ON May 2, 2000. That was submitted To Associate in JACKSON, MISSISSIPPI, That plaintiff was TURN down ON. And illegally sold The void security Agreement ON May 22, 2000. To defendants Associate And defendant CITICAPITAL. FOR The sole purpose To make Another PROFIT OFF The same Truck. by misrepresentation OF The security Agreement STATING That plaintiff Agreed To A cash sale price OF $65,000.00. And AT The Time sale price WAS $90,575.36. This caused plaintiff To pay AN EXTRA $33,575.36 FOR said TRUCK when They KNEW That plaintiff did NOT Agree To Any such TERM. CONSTITUTE Fraud IN The SALE OF SECURITIES AGREEMENT. IN VIOLATION OF THE RICO ACT. UNDER 18 U.S.C. 1961 (1) (B, D). 1962, 1962 (C, d). And 1964(C).

Amend And Change paragraph # 58 To read As Follows:

58). plaintiff JENNINGS submits That defendants STAR And BAILEY have committed A criminal ACT OF SECURITY Fraud, when They KNEW They had No legal rights To USE The void security Agreement That plaintiff had sign ON May 2, 2000. And sold The security Agreement with plaintiff NAME ON it. To defendant ASSOCIATES And defendant CITICAPITAL ON May 22, 2000. When They KNEW That ASSOCIATES IN MISSOURI had Already FINANCED The Truck For plaintiff For $46,500.00 And SEALED The security Agreement with plaintiff ON May 18th. 2000. with A lien ON said Truck.

(2)

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Amended Complaint has been sent by first-class mail, postage prepaid to:

Associate Commercial Corporation
3065 William Street, Suite 301
P.O. Box 612
Cape Girardeau, Missouri 63702-0612

Citicapital Commercial Corporation
P.O. Box 168647
Irving, Texas 75016

Star Truck and Douglas Bailey
1055 E. Brooks Road
Memphis, TN 38116

Attorney Roger Stone
200 Jefferson Ave. Suite #1000
Memphis, TN 38103

Attorney Robert Green
65 Union Ave. 9th Floor
Post Office Drawer 3543
Memphis, TN 38173-0543

On this the 6 day of March 2006

Respectfully Submitted
William Jennings
4378 Windward
Memphis, TN 38109

(10)

Amend And Change Paragraph #69 To read As Follows:

69). Plaintiff Jennings submits That defendants Star And Bailey made A copy of The Security Agreement between plaintiff And Associates in Jackson, Mississippi, That plaintiff had signed on May 2, 2000. This was done for The sole purpose of Altering And Falsifying. The Void Security Agreement, without The consent of The plaintiff, They used his Name in Their Rackteer Activity To make an Additional Profit of $46,500.00 or more off The same Truck, when They illegal sold The Counterfeit Security Agreement To defendant Associates And defendant Citicapital on May 22, 2000. Without plaintiff knowledge.

Amend And Change Paragraph #115 To read As Follows:

115). On or Around March, 15Th, 2001. defendant Associates And defendant Stone conspired Together And Answer plaintiff Jennings suit with A Counter Complaint suing Jennings To collect An unlawful debt of $72,075.36, under The Void Security Agreement, defendant Star And Bailey illegally sold To Associates on May 22, 2000 without The plaintiff knowledge. And without plaintiff ever seeing The Security Agreement That was sold To Associates on May 22, 2000.

(3)

Amend The Following Cause of Action Against The Defendants Pursuant To Rule 18(a) Fed.R.Civ.P.

## Cause of Action

### Violation of The Racketeer Influenced And Corrupt Organization

178). The Action of defendant Associates and Citicapital and Stone knowing that defendant Bailey and Star was committing Security Fraud, when Bailey and Star sold Them The Counterfeit Security Agreement on May 22, 2000, with A unpaid Time balance of $72,075.36. On The same Truck, That Associates had Already Finance plaintiff for on May 18th. 2000. In which Associates receive The May 18th. 2000. Security Agreement, between plaintiff and Associate on May 18th. 2000. with a Net balance of $56,204.96 And The Acts and omissions of Associate and Citicapital and Stone conspired Together To conceal The May 18th. 2000. Security Agreement with The Net balance of $56,204.96. was done For The Sole purpose To Cover-up The Fact They Knew plaintiff did Not Agree To A $72,075.36 Security Agreement And They Collected This unlawful debt of $72,075.36. by Concealing The Original May 18th. 2000. Security Agreement of $56,204.96. Constitute A claim of Obstruction of Justice. In Violation of The Rico Act under 18 U.S.C. 1961. et. seq.

179). The Action of defendant Associates, Citicapital, conspired with defendant Stone and defendant Green To deprived plaintiff of his May 18th. 2000 Security Agreement with The Net balance of $56,204.96. That he had in his possession At Trial in State Court on March 8th, 9th, 2004. To keep plaintiff From introduce The Security Agreement As evidence To prove That plaintiff did Not Agree To A $72,075.36 Security Agreement. And Their Acts and omissions Concealing The May 18th 2000 Security Agreement From The Trial record was done For The Sole purpose To Cover-up The Net balance of $56,204.96. So That Associate and Citicapital can collect an unlawful debt of $72,075.36. under The Counterfeit Security Agreement. Constitute A Claim of Obstruction of Justice. In violation of The Rico Act under 18. U.S.C. 1961. et. seq.

(4)

180) The action of defendant Bailey and defendant Star conspired together to commit security Fraud, when they alter and falsified the void security agreement that plaintiff had sign on May 2, 2000 that was submitted to Associate in Jackson, Mississippi, that plaintiff was turn down on. And they illegally sold the void security agreement on May 22, 2000 to defendant Associate and Citicapital when they knew they had no legal right. For the sole purpose to make another profit off the same truck. Constitute a claim of Fraud in the sale of security agreement. In violation of the Rico Act under 18.U.S.C. 1961 (1) (B,D), 1962 (c,d) and 1964 (c).

Amend the following cause of action against the defendants pursuant to Rule 18 (a) Fed. R. Civ. P.

CAUSE OF ACTION

VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

181). Defendant Associate and Citicapital and Stone and/or their agents employees or other individual acting on their behalf violated the Tennessee Consumer Protection Act, by engaging in unfair and/or deceptive act or practices, when they willful and knowing failing to use ordinary and reasonable care under the existing circumstance to protected the plaintiff Jennings from defendant Bailey and Star Acts and omissions of Fraud in the sale of the security agreement on May 22, 2000. When Associate, Citicapital and Stone knew that the May 22, 2000 security agreement was a counterfeit, because Associate already had the May 18th, 2000 security agreement with a net balance of $56,204.96 in it possession between plaintiff and Associate on May 18th, 2000. In violation of Tenn. Code. Ann. 47-18-101 et. seq.

(5)

Amend The Followings Cause of Action Against The defendants pursuant To Rule 18(a) Fed. R. Civ. P.

## Cause of Action
## Fraud

182). The Action of defendant Associate Intentional Misrepresentation To plaintiff That it would Finance plaintiff For $46,500 To purchase Said Truck, And That The Finance charge would be $9,704.96 be Added To The $46,500 giving plaintiff A Net balance of $56,204.96 And Associate knowledge That defendant Bailey And Star had Committed security Fraud, when Bailey And Star sold The counterfeit security Agreement To Associate on May 22, 2000. And Associate Acts And omissions Counter sued plaintiff To collect An unlawful debt of $72,075.36. when Associate knew That plaintiff did Not Agreed To A $72,075.36 security Agreement. because Associate had..... in it possession The May 18th, 2000 security Agreement with A Net balance of $56,204.96. That was represent To The plaintiff on May 18th, 2000. And plaintiff relied on The Misrepresentation of The $56,204.96. security Agreement And suffered damages.. Constitute A Claim For Fraud Against Associate Commercial Corporation.

## Cause of Action
## Gross Negligence

183). The Action of defendant Associate And Citicapital acted with such A recklessness or conscious neglect of duty when They knew That defendant Bailey And Star had committed Fraud Against plaintiff Jennings, when Bailey And Star sold Them The counterfeit security Agreement on May 22, 2000. And That They Failure To embark on An independent investigation of The True Status of The security Agreement was reckless behavior. Constitute A claim For Gross Negligence.

(6)

Amend the following cause of action against the defendant pursuant to Rule 18(a) Fed. R. Civ. P.

## CAUSE OF ACTION
## Breach of Security Agreement

184). The defendant Associate Commercial Corporation and/or its agents, employees or individuals acting on it behalf enter into a Security Agreement with plaintiff Jennings on May 18th, 2000 for a net balance of $56,204.96. And Associate breach the May 18th, 2000 Security Agreement, when Associate engaged in "Fraud" by buying a counterfeit security agreement on the same truck, with a unpaid time balance of $72,075.36. From defendants Bailey and Star on May 22, 2000. When Associate. knew it had already finance Jennings on May 18th. 2000 for said truck. Therefore Associate act and omissions. Constitute a claim for breach of Security Agreement.

## CAUSE OF ACTION
## Tortious Interference with a Security Agreement

185). The defendant Associate and Citicapital tortious interference with the May 18th, 2000 Security Agreement Contract with a net balance of $56,204.96. between Associate and plaintiff Jennings for wrongful purposes. When Associate and Citicapital committed "Fraud", and bought a counterfeit security agreement on May 22, 2000. with a unpaid time balance of $72,075.36. From defendant Bailey and Star, on the same truck, that Associate had already finance for Jennings on May 18th. 2000. For the sole purposes to defraud Jennings out of more money and Jennings suffered damage as a result from Associate and Citicapital wrongful inducement of the breach of the security agreement contract between Associate and Jennings on May 18th. 2000. Therefore Associate and Citicapital acts and omissions. Constitute a claim for Tortious Interference with the May 18th. 2000 Security Agreement.

(7)

Amend the following cause of action against the defendants pursuant to Rule 18(a) Fed.R.Civ.P.

## CAUSE OF ACTION

186). **Racial Discrimination in the Making and Enforcing Contract**

The action of the defendants Associate and Citicapital racial discriminated against plaintiff Jennings, when they failed to enforce the May 18Th. 2000 security agreement contract, with a net balance of $56,204.96. between Associate and Jennings. but instead Associate and Citicapital enforce defendant Bailey and Star counterfeit security agreement that was sold to Associate and Citicapital on May 22, 2000 with a unpaid time balance of $72,075.36 by counter sued Jennings. For the sole purpose to collect an unlawful debt. That Associate knew Jennings did not agree to a $72,075.36 security agreement. because Associate had already seal a security agreement with Jennings on May 18Th. 2000. For a net balance of $56,204.96. IN violation of 42.U.S.C. 1981. which prohibits racial discrimination in the making and enforcing contract.

## CAUSE OF ACTION

187). **Conspiracy and Defamation of Slander**

The action of defendants Associate, Citicapital, Roger Stone and Robert Green, conspired together to slander plaintiff Jennings Good Name, when they sign Judge Brown August 12Th. 2004 Judgment dismissing plaintiff original complaint, when they agreed that plaintiff participated with defendant Bailey and Star in the submission of fraudulent documents to Associate. For the sole purpose to injurious plaintiff "Reputation" and to exposes him to public Hatred as a bad business man. causing mental suffering. shame and humiliation to plaintiff of ordinary sensibilities. constitute a tort claim for conspiracy and defamation of slander to the injury of plaintiff good name and reputation as a business man.

(8)

Amend the following compensatory damages and punitive damages against defendant Roger Stone and Robert Green:

## RELIEF SOUGHT

WHEREFORE: Premises considered, plaintiff Jennings pray the following relief:

25). That plaintiff Jennings be awarded a judgment against defendant Roger Stone and Robert Green in the amount of One Hundred Million ($100,000,000) each in compensatory damages or an amount to be more specifically determined before the trial.

26). That plaintiff Jennings be awarded a judgment against defendants Roger Stone and Robert Green in the amount of One Hundred Million ($100,000,000) each in punitive damages or an amount to be more specifically determined before the trial.

## DECLARATION

I William Jennings hereby verify under the penalty of perjury invoking Title 28 U.S.C 1746. That I read the above stated claims and I do hereby verify that they are true and correct to the best of my knowledge and ability, except as to those facts that are stated upon information and belief and as to those I believe them to true also to the best of my knowledge and ability.

Respectfully Submitted

William Jennings
4378 Windward
Memphis, TN. 38109

(9)