IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIAM JENNINGS,

    Plaintiff,

v.                                                                                                  No. 05-2342 B

STAR TRUCK & TRAILER SALES, INC.,
CITICAPITAL COMMERCIAL CORPORATION
(formerly doing business as Associates Commercial
Corporation), DOUGLAS C. BAILEY,
ROBERT L. GREEN and ROGER A. STONE,

    Defendants.

_____

ORDER GRANTING MOTIONS OF DEFENDANTS TO DISMISS
_____

This action was brought by the pro se Plaintiff, William Jennings, on May 6, 2005 pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). In an order entered July 25, 2005, this Court concluded that it appeared the subject matter of this lawsuit had been previously litigated in the Shelby County, Tennessee Circuit Court and decided adversely to the Plaintiff, or that the instant complaint constituted an improper challenge to the outcome of the state court action. Briefly stated,[1] the state lawsuit arose from Jennings' purchase from Star Truck & Trailer Sales, Inc. ("Star Truck") of an over-the-road truck which was plagued by mechanical problems allegedly not covered by warranty. The Plaintiff sued Star Truck and Defendant Douglas C. Bailey, Star Truck's owner, on the theories of breach of contract, breach of warranty, fraud, misrepresentation and violation of the Tennessee Consumer Protection Act.

---

[1] As the Court set forth a detailed recitation of the facts of this case in its July 25, 2005 order, it need not do so again here.

Defendant Associates Commercial Corporation ("Associates"), demanded Jennings pay $51,700.25, the net balance under the security agreement. In addition, Defendant CitiCapital Commercial Corporation ("CitiCapital"), which appears to be the same entity as Associates, filed a counterclaim for $67,570.65, the amount it averred is due under the security agreement.

> The state court entered judgment on August 12, 2004, stating in part as follows:
>
> This cause came to be heard upon the Complaint filed on behalf of William Jennings against the Defendants, Star Truck & Trailer Sales, The Associates and Douglas C. Bailey, Individually. The Answer of Defendants Star Truck & Trailer Sales and Douglas C. Bailey, the Answer of Associates Commercial Corporation, the Counter-Complaint of Associates Commercial Corporation against William Jennings, the Cross-Complaint of Associates Commercial Corporation against Star Truck & Trailer Sales, Inc., the Answer of William Jennings to the Counter-Complaint, the Answer of Star Truck & Trailer Sales, Inc. to the Cross-Complaint, the Stipulation of the parties, the sworn testimony of the parties, William Jennings and Douglas C. Bailey, the sworn testimony of the witnesses, John Tatum and Andy Braddley [sic], the statements and arguments of counsel, the Proposed Findings of Fact submitted on behalf of all parties and upon the entire record in this cause from all of which the Court finds that Plaintiff, William Jennings, actively participated in the submission of fraudulent documents to Associates Capital Corporation and that he totally failed to minimize his damages, accordingly the Original Complaint should be dismissed.

This Court, noting that Jennings' federal claims asserted in this case appeared to be largely parallel to those brought in state court and that the state action claims were adjudicated on the merits, directed Jennings to show cause why this lawsuit should not be dismissed on the grounds of res judicata and collateral estoppel. Upon the Plaintiff's timely response, the Court, on November 1, 2005, ordered the issuance and service of process, noting therein that

> [i]t is not possible conclusively to determine, from the record before the Court, the precise nature of the state-court disposition. In particular, the plaintiff has submitted a certified copy of the state-court docket sheet indicating that the dismissal of his complaint was without prejudice. Under these circumstances, it does not appear to be appropriate to dismiss the complaint sua sponte. Nothing in this order is intended to preclude any defendant from filing any motion to dismiss or for summary judgment on the basis of the state-court judgment.

(Order to Issue and Effect Serv. of Process at 2.)

On December 7 and 9, 2005, the Defendants filed motions to dismiss the complaint, which were later supplemented, in which they argued that the state court dismissal was with prejudice. The Defendants have offered certain documents in support of their contentions. In his affidavit dated November 29, 2005, Gary Wimberly, Manager of the Shelby County Circuit Court, related that "the original data entry, made on August 12, 2004, Dismissed Without Prejudice, was made in error on CT-000527-01 (William Jennings vs Star Truck & Trailer Sales)" and that "[t]he case data has been corrected, showing a judgment in favor of the defendants, dismissing the original complaint . . ." (Mot. of Star Truck & Trailer Sales, Inc., Douglas C. Bailey and Robert L. Green to Dismiss, Ex. A)  In addition, Mary Anderson, Division 5 Circuit Court Clerk, averred in her May 11, 2006 affidavit that, while substituting in another area, she entered into the court's computer system information on the outcome of Jennings' state court action, indicating that the order of dismissal therein had been without prejudice. She advised that "[t]hat information was inaccurate and has since been corrected in the Docket Text section of the Circuit Court Clerk's computer system." (Supplemental Mem. in Supp. of Mot. to Dismiss, Ex. 4)

Finally, the Defendants have proffered the August 7, 2006 affidavit of former Circuit Court Judge George H. Brown, Jr., who presided over the state court trial, in which he stated in pertinent part that:

> I am advised that Jennings filed a pro se Complaint in the United States District Court for the Western District of Tennessee, Western Division on May 6, 2005 wherein he alleges all of the causes of action set forth in his Original Complaint in the Circuit Court of Shelby County and others, including a RICO violation.
>
> I do not assert any opinion on the merits of this Complaint but am aware that assertions have been made that my rulings in the Circuit Court were made WITHOUT PREJUDICE. This assertion is not true as all of my rulings in this matter were final rulings and there were no rulings made "WITHOUT PREJUDICE,"

3

> I am advised that the computer data sheet made on August 12, 2004 by a substitute courtroom clerk mistakenly showed the entry of an order w/o (without) prej (prejudice). This computer data sheet entry was incorrect and in my judgment was properly corrected by Gary Wimberly, the Manager of the Shelby County Circuit Court as reflected in his Affidavit of November 29, 2005.
>
> I am also advised that Mary Anderson, the substitute courtroom clerk in my court on August 12, 2004 has signed an Affidavit dated May 11, 2006 in which she acknowledges that she typed inaccurate information on the computer data sheet and that her error has been corrected in the Docket Text Section of the Circuit Court Clerk's computer system.
>
> I am also advised that my courtroom clerk, Mona L. Martin, gave a signed statement to Jennings stating that she was present in the courtroom on August 4, 2004 when I dismissed Jennings' lawsuit. My ruling was memorialized in the JUDGMENT I signed on August 12, 2004.
>
> While on the bench as Circuit Judge of Division VI of the Circuit Court of Shelby County, I, as all other Circuit Judges, spoke through my minute entries and I never entered an Order or Judgment Without Prejudice in this case.

(Aff. of Cir. Ct. Judge George H. Brown, Jr., Retired at ¶¶ 10, 23-28)  As it is now abundantly clear that the dismissal of the state case was not without prejudice, dismissal is appropriate for the reasons set forth in the Court's July 25, 2005 order. Based on the Court's findings, the motions to dismiss filed by the Defendants are GRANTED and this matter is DISMISSED in its entirety. Furthermore, any and all pending motions in this case are hereby DENIED as moot and the Court's Case Manager is directed to remove all proceedings set herein from the Court's calendar.

    IT IS SO ORDERED this 13th day of September, 2006.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE